[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10117

_____

D. C. Docket No. 02-00707 CV-PT-M

SAMARA CONSULTANT GROUP,
a corporation, A.M. SAMARA,

Plaintiffs-Counter-
Defendants-Appellees,

versus

S & DAVIS INTERNATIONAL, INC.,

Defendant-Counter-
Claimant-Appellant,

ROY DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 19, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Appellants, Roy Davis and Strickland & Davis International DISC Corporation appeal the judgment of the district court against them. Several concerns persuade us that the judgment of the district court should be vacated and this case remanded to the district court for further proceedings.

First, we are concerned as to whether appellants were afforded a fair opportunity to defend against the imposition of a constructive trust as the recipient of a fraudulent or otherwise wrongful transfer. It appears to us that the district court in its November 17, 2004, order simultaneously vacated its prior orders dismissing these parties from the case and entered judgment on the merits against them. We are concerned that the due process considerations articulated in Nelson v. Adams USA, Inc., 592 U.S. 460, 120 S.Ct. 1579 (2000), may have been transgressed. In any event, we conclude that fairness requires that these appellants be afforded a fair opportunity to be put on notice of the claim against them, adduce evidence to defend against it, and submit both factual and legal arguments to the district court in their defense.

---

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

Second, we are concerned that the district court never explained its rationale for setting aside the previous judgments against appellants. Such decision and rationale should precede the resolution of the merits of any claim against appellants.

Third, the Alabama law with respect to precisely what conduct will warrant the imposition of a constructive trust is not clear to this panel in light of the current briefing. Although far from clear, the magistrate judge implied that a constructive trust may be warranted even in the absence of a fraudulent conveyance or other wrongful conduct. If it were necessary to so hold, this court may well deem it appropriate to certify that question to the Alabama Supreme Court. However, such certification would be inappropriate unless we knew that resolution of that question were absolutely necessary to resolve this case. Accordingly, if the district court on remand imposes a constructive trust on either or both appellants, the district court should describe fully the nature of the conduct which warrants imposition of the constructive trust, as well as the court's rationale and authority for doing so.

Although we have determined that it is necessary to remand this case for further proceedings, and for elaboration by the district court, our actions should not be construed as expressing any opinion on the merits. To the contrary, we

express absolutely no opinion on the merits of any issue or on the appropriate result for the case.

Accordingly, the judgment of the district court is

VACATED and REMANDED.